IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS


SHAUNTEZ HAIRSTON,                          )
                                            )
            Plaintiff,                      )
                                            )
vs.                                         )        CIVIL NO. 09-cv–598-MJR
                                            )
XAVIER BLACKBURN, et al.,                   )
                                            )
            Defendants.                     )


<u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff Shauntez Hairston is a pre-trial detainee currently being held at the St. Clair County

Jail (SCCJ).     On July 28, 2009, Plaintiff filed a complaint in the Circuit Court for St. Clair County,

Illinois.  It is unclear whether Plaintiff paid the required filing fee to the state court or was allowed

to proceed *in forma pauperis* by the state court.  Regardless, Defendant Annette Tim was served

with process on July 30, 2009.  Defendant Tim, by and through her attorneys, filed a Notice of

Removal pursuant to 28 U.S.C. § 1446(a) with this Court on August 7, 2009.  Removal to this Court

was based on the civil rights claims (presumably arising under 42 U.S.C. § 1983) asserted in  the

original complaint. On August 10, 2009, Plaintiff filed his first amended complaint (Doc. 3).  This

amended complaint supersedes and replaces the original complaint.  *See Flannery v. Recording

Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).[1]  To date, Defendant Tim appears to be

_____

[1]On August 19, 2009, Plaintiff filed his second amended complaint (Doc. 10).  For
reasons discussed, below, Plaintiff's second amended complaint (Doc. 10) will be stricken.

the only defendant to have been served with process.

According to the first amended complaint, Defendant Tim is a "correctional officer" at SCCJ. Therefore, Defendant Tim appears to be an employee of a governmental entity. The complaint alleges - among other things - that Defendant Tim attacked Plaintiff while Plaintiff was confined at SCCJ and that such attack was a violation of Plaintiff's civil rights and a created liability under state tort law. Additionally, Plaintiff contends that Defendant Tim denied him adequate medical care for the injuries he sustained. As such, several provisions of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, apply to this case.

First, Plaintiff is required to exhaust "such administrative remedies as are available" before commencing any action "with respect to prison conditions under section 1983 of this title, or any other Federal law." 42 U.S.C. § 1997e(a). Plaintiff's claim that Defendant Tim used excessive force against him, that Tim the force was in retaliation for a lawsuit had filed against another guard, and that Tim denied him adequate medical care in violation of the Eighth Amendment are "prison condition" claims to which § 1997e(a)'s exhaustion requirement applies. *See Porter v. Nussle*, 534 U.S. 516, 519 (2002). Failure to exhaust administrative remedies is usually an affirmative defense. The Court can *sua sponte* find that the complaint fails to state a claim only if it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007).

Second, because Plaintiff has had three or more prior prisoner actions dismissed (or partially dismissed) on the grounds that they were frivolous, malicious, or failed to state a claim upon which

relief may be granted,[2] Plaintiff is prohibited from proceeding *in forma pauperis* in this Court unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner who cannot proceed *in forma pauperis* must prepay all fees,[3] 28 U.S.C. § 1915(a)(1), and the counsel appointment provisions set forth in 28 U.S.C. 1915(e)(1) do not apply. Additionally, a prisoner who cannot proceed *in forma pauperis* is responsible for serving process under Rule 4 of the Federal Rules of Civil Procedure.[4]

Third, prisoner complaints "seeking redress from a governmental entity or officer or employee of a governmental" are subject to a *sua sponte* review by the Court pursuant to 28 U.S.C. § 1915A. Specifically, § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[2]) *See, e.g., Hairston v. St. Clair County Sheriff's Dept.*, Case No. 07-cv-445-MJR (S.D. Ill., filed June 20, 2007) (partial dismissal for failure to state claim against defendant); *Hairston v. Walker*, Case No. 07-cv-704-DRH (S.D. Ill., filed Oct. 9, 2007) (case dismissed pursuant to 28 U.S.C. § 1915A); *Hairston v. Walker*, Case No. 08-cv-362-GPM (S.D. Ill., filed May 19, 2008) (partial dismissal for failure to state claim against two defendants).

[3]At this point, Plaintiff does not owe the Court any fees for bringing this case. As noted above, Defendant Tim removed this case from state court and paid the required fees.

[4]Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that the Court *must* appoint the United States Marshal to serve process when the plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). If a plaintiff has not been granted *in forma pauperis* status, then the plaintiff may request, and the Court *may* direct, that service of process be made by the United States Marshal or by another person. *Id.*

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

In the usual case, this preliminary review of a prisoner case occurs before a defendant is served with the complaint. This prevents defendants from being burdened with being served with process and responding to meritless actions. If the complaint survives review under § 1915A, the Court can direct the US Marshal to serve the complaint (if the prisoner is proceeding *in forma pauperis*), direct that defendants respond the complaint,[5] and refer pretrial matters to a United States Magistrate Judge for a more orderly disposition. Where, as here, the case has been filed in state

---

[5]Title 42 U.S.C. § 1997e(g) provides that "any defendant may waive the right to reply to any action brought prisoner confined in any jail, prison, or other correctional facility under section 1983 or any other Federal law." 42 U.S.C. § 1997e(g)(1). The Court may direct a defendant to reply to a complaint if it determines that the Plaintiff has a reasonable opportunity to prevail on the merits. 42 U.S.C. § 1997e(g)(2).

court and removed by a defendant to federal court, the cart frequently gets far ahead of the horse.

Specifically, when a prisoner case is removed from state court to federal court at least one defendant has already been served with the complaint and, often, has filed a response or motion concerning it. In such a case, defendants may be responding to claims that would not survive the Court's review under § 1915A. Conversely, *pro se* prisoner complaints are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and a defendant may miss a claim that the Court identifies in the § 1915A review process. The problem, as evidenced by this case, is that the litigants then embark on discovery based on a less than complete understanding of the claims.

It is with an eye towards getting the horse back in front of the cart that the Court now undertakes the preliminary review of the first amended complaint under 28 U.S.C. § 1915A and consideration of Plaintiff's various pending motions.

## THE FIRST AMENDED COMPLAINT

Plaintiff alleges that he was attacked and beaten on three separate occasions on June 30, 2009, while he was confined at SCCJ. The first attack was allegedly carried out by Defendants Tim and Xavier Blackburn. Plaintiff contends that this attack was motivated, at least in part, by a lawsuit Plaintiff had filed against "Officer Milton."[6] Plaintiff asserts that Tim kicked him and that Blackburn slammed him to the ground and punched him. Plaintiff contends that this attack caused swelling on the back of his head and pain to his head, neck, and back.[7] Plaintiff further alleges that

---

[6]A review of this Court's records indicates that Plaintiff has filed cases against "Michael Milton," *Hairston v. Milton*, Case No. 3:07-cv-445-MJR-DGW (S.D. Ill.); and against "Mikal Milton," *Hairston v. Milton*, Case No. 3:09-cv-50-MJR (S.D. Ill.) (dismissed).

[7]Plaintiff contends that he also suffered hearing impairment and a swollen clavicle, but it is not clear whether these injuries were the result of the first attack, the second attack, or the third attack.

Defendant Tim denied him adequate medical care for the injuries he suffered as a result of this beating.

After the first attack, it appears that Plaintiff complained to Defendants Phil McLaurin and Matthew Scott.  Plaintiff states, however, that these Defendants failed to listen to his complaint.

The second attack, carried out by Defendants Andrew Blankey and Sean McPeak, allegedly occurred 90 to 100 minutes after the first attack.  Plaintiff claims that Blankey punched him in the torso and tried to snap Plaintiff's neck.  Plaintiff asserts that McPeak took him to the ground while Blankey was carrying out his attack.  Plaintiff contends that Defendants Rodney Wilson, Kenneth Clayton, and Collins witnessed the attack and failed to intervene to stop it.

After the second attack, Plaintiff was placed in a disciplinary segregation cell that he asserts was "dirty and unsanitary and without a mattress."  Defendant Blackburn allegedly informed Plaintiff that Plaintiff would not "get anything until he [Blackburn] was ready to get it to Plaintiff."  After an hour, Plaintiff was escorted to his original cell by Defendant McPeak to get his property.  The third attack occurred while Plaintiff was entering and exiting his cell.  Specifically, Plaintiff claims that McPeak slammed him into the toilet causing Plaintiff pain and contusions.  Plaintiff further asserts that McPeak choked him, verbally harassed him, and slammed him to the ground.

Plaintiff also alleges that Defendant Tim intercepted his mail and threatened to have Plaintiff's mother killed if Plaintiff reported the attack(s).

Plaintiff claims that "the acts and omissions of each of the named defendants deprived him of his rights, privileges, and immunities secured by the Constitution and laws of the United States."

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into twelve counts.  The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation

of these counts does not constitute an opinion as to their merit.

**COUNT 1:**     A claim under 42 U.S.C. § 1983 against Defendants Tim and Blackburn for using excessive force (i.e., the first attack) against Plaintiff in violation of Plaintiff's right to Due Process of Law;

**COUNT 2:**     A claim under 42 U.S.C. § 1983 against Defendants Tim and Blackburn for retaliating against Plaintiff for filing a lawsuit against "Officer Milton," the retaliation consisting of the use of force on Plaintiff, in violation of Plaintiff's rights under the First Amendment;

**COUNT 3:**     A claim under 42 U.S.C. § 1983 against Defendant Tim for depriving Plaintiff of adequate medical care for his injuries in violation of Plaintiff's right to Due Process of Law;

**COUNT 4:**     A claim under 42 U.S.C. § 1983 against Defendants McLaurin and Scott for failing to protect Plaintiff in violation of Plaintiff's right to Due Process of Law;

**COUNT 5:**     A claim under 42 U.S.C. § 1983 against Defendants Blankey and McPeak for using excessive force (i.e., the second attack) against Plaintiff in violation of Plaintiff's right to Due Process of Law;

**COUNT 6:**     A claim under 42 U.S.C. § 1983 against Defendants Wilson, Clayton, and Collins for failing to protect Plaintiff in violation of Plaintiff's right to Due Process of Law;

**COUNT 7:**     A claim under 42 U.S.C. § 1983 against Defendant McPeak for using excessive force (i.e., the third attack) against Plaintiff in violation of Plaintiff's right to Due Process of Law;

**COUNT 8:**     A state law claim for assault and/or battery against Defendants Tim and Blackburn based on the first attack;

**COUNT 9:**     A state law claim for assault and/or battery against Defendants Blankey and McPeak based on the second attack;

**COUNT 10:**    A state law claim for assault and/or battery against Defendant McPeak based on the third attack;

**COUNT 11:**   A claim under 42 U.S.C. § 1983 against Defendant Blackburn for subjecting Plaintiff to unconstitutional conditions of confinement (i.e., the conditions of disciplinary segregation) in violation of Plaintiff's right to Due Process of Law;

**COUNT 12:**   A claim under 42 U.S.C. § 1983 against Defendant Tim for "intercepting" Plaintiff's mail and threatening Plaintiff's mother in violation of Plaintiff's right to Due Process of Law.

## DISCUSSION

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).

**A. Excessive force claims (Counts 1, 5 and 7).**

Although claims brought by pretrial detainees pursuant to § 1983 arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

In the prison context, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992);

*DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Applying these principles to the instant case, the Court finds that Counts 1, 5, and 7 of the first amended complaint survive preliminary review under 28 U.S.C. § 1915A and should not be dismissed at this time.

**B. Retaliation claim (Count 2).**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Based on these principles, Count 2 of the first amended complaint survives preliminary review under 28 U.S.C. §

1915A and should not be dismissed at this time.

### C. Failure to protect claims (Counts 4 and 6).

Under the Eighth Amendment, prisoners have a right to be adequately protected from attack - either at the hands of other inmates or at the hands of guards.  To establish an Eighth Amendment "failure to protect" claim, Plaintiff must demonstrate (1) that he suffered an objectively sufficiently serious injury and (2) that he was incarcerated under a sufficient risk of serious harm.  *Borello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006).  Applying these principles, the Court finds that Counts 4 and 6 survive review under § 1915A and should not be dismissed at this time.

### D. Denial of adequate medical care claim (Count 3).

A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th  Cir. 1991).  The Seventh Circuit has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290.  In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).  In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known.  Compare *Brownell*, 950 F.2d at 1291 (applying a subjective standard in the Fourteenth Amendment context) with *Farmer*, 511 U.S. at 837-38 (applying a subjective standard in the Eighth Amendment context).

10

*Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).   Applying these principles to the case at hand, the Court finds that Count 3 survives preliminary review under § 1915A and should not be dismissed at this time.

### E. Conditions of confinement (Count 11).

A detainee has no constitutional right to confinement in comfort.  *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir.), *cert. denied*, 488 US 863 (1988) (detainee has no right to a pillow, new tennis shoes, or frequent laundry service).  *Cf. Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir.1986). Thus, Plaintiff's allegation that he was deprived of a mattress (for one hour, though, possibly longer) does not rise to the level of a constitutional violation.   Plaintiff's claim that the disciplinary segregation cell was "dirty and unsanitary" is simply to vague and conclusory to state a claim upon which relief may be granted.  Therefore, Count 11 will be dismissed pursuant to 28 U.S.C. § 1915A.

### F. Mail and threats claim (Count 12).

Similarly, Plaintiff's claim that Defendant Tim "intercepted" his mail is simply too vague and conclusory to state a claim upon which relief may be granted.  To be sure, prisoners have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576  (1974).  Put simply, without more, an allegation that Plaintiff's mail was "intercepted" fails to inform the Defendant of the exact conduct Defendant engaged in.  Neither the Court - nor Defendant Tim - can determine whether "intercept" means inspected, delayed, or destroyed.  Furthermore, verbal threats (without more) also do not rise to the level of a constitutional violation.   *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987) (although unprofessional and inexcusable, racially derogatory remarks did not support a

11

constitutional claim); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993) (verbal threats and name calling directed at inmate not actionable under § 1983).  Accordingly, Count 12 of the complaint should be dismissed pursuant to 28 U.S.C. § 1915A.

**G. State law claims (Counts 8, 9, and 10).**

Under Illinois law, the tort of battery is defined as the unauthorized touching of another's person. *See Welton v. Ambrose*, 351 Ill.App.3d 627, 636, 286 Ill.Dec. 744, 814 N.E.2d 970 (2004), *citing Curtis v. Jaskey*, 326 Ill.App.3d 90, 93, 259 Ill.Dec. 901, 759 N.E.2d 962 (2001).  At this point time, the Court is unable to determine whether the alleged touching of Plaintiff (i.e., the kicking and punches - which the Court must take as true) were authorized or not.  Therefore, Counts 8, 9, and 10 survive review under § 1915A and should not be dismissed at this time.

**H. Plaintiff's motions.**

Plaintiff has filed a number of motions (32 so far) since this case was removed to this Court just five months ago.  The motions are as follows: three motions to amend, correct and/or supplement (Docs. 6, 62, and 65); three motions to clarify (Docs 7, 17, and 25); three motions to have a copy of the complaint served on the defendants (Docs. 12, 15, and 45); one motion for Judgment against Defendants Blackburn, Scott, Blankey, and McPeak (Doc. 16); one motion for appointment of counsel (Doc. 18); eight motions to compel (Docs. 19, 21, 22, 27, 28, 33, 37, and 59); three motions for oral argument (Docs. 38, 44, and 49); one motion for leave to depose (Doc. 39); one motion to compel allowance of a recording device (Doc. 40); one motion to have Defendant Tim's attorney removed (Doc. 43); one motion for extra interrogatories (Doc. 48); two motions for a temporary restraining order (Docs. 57 and 60);  a motion for an order concerning how mail addressed to other inmates by "his agent" is handled at SCCJ (Doc. 58); a motion for sanctions or,

alternatively, for default judgment against Defendant Tim (Doc. 59); and a motion to withdraw interrogatories (Doc. 61); and one motion to subpoena visual footage (Doc. 66).

Defendant Tim has filed responses to the motions filed at Docs. 19, 22, 28, 33, 37, 43, 48, and 64.  Plaintiff has filed replies concerning Docs. 37 and 43.  Into this morass the Court now wades.

### 1. Motions to amend, correct, and/or supplement (Docs. 6, 62, and 65).

As noted above, Plaintiff filed his first amended complaint - without leave of Court as was his right under Federal Rule of Civil Procedure 15(a)(1).  Plaintiff requires leave of Court to file any further amendments.  *See* Fed. R. Civ. P. 15(a)(2).  With regard to motions for leave to amend, this Court's local rules provide (a) that the proposed amended pleading be submitted with the motion to amend and (b) that "[a]ll new material in an amended pleading be underlined."  Loc. R. 15.1. With regard to two of his motions to amend, correct, and/or supplement (Docs. 6 and 62), Plaintiff has not submitted the proposed amendment as part of his motion.  With regard to his latest motion to amend (Doc. 65), Plaintiff did attach the proposed amendment as part of his motion, but has not underlined the new materials.  Therefore, Plaintiff's motions to amend (Docs. 6, 62, and 65) will be denied.  Because leave of Court was not obtained to file the second amended complaint (Doc. 10), the second amended complaint (Doc. 10) will be stricken.

### 2. Motions to clarify (Docs. 7, 17, and 25).

In his first motion to clarify (Doc. 7) Plaintiff requests an explanation of why defendants Blackburn, McLaurin, Blankey, McPeak, Scott, Wilson, Clayton, and Collins have not been served with process in this case.  Although it is not the province of this Court to explain to Plaintiff how the  litigation process or the Federal Rules of Civil Procedure work, the answer in this case is

13

simple: because Plaintiff has not served the other defendants.  This case is now in federal court and federal rules and statutes apply.  As this case currently stands, Plaintiff has not moved for *in forma pauperis* from this Court pursuant to 28 U.S.C. § 1915.  Because Plaintiff is not proceeding *in forma pauperis*, under § 1915, the United States Marshal has not automatically been appointed to serve process under Rule 4(c)(3) of the Federal Rules of Civil Procedure.   This is the only explanation the Court is going to give to Plaintiff regarding the matter and, accordingly, Plaintiff's motion to clarify (Doc. 7) will be denied as moot.

In his second motion to clarify (Doc. 17), Plaintiff does not really seek any relief from the Court.  Rather, he appears to be responding to a letter sent to him by Michael J. Garavalia, attorney of record for Defendant Tim.  In his letter, Mr. Garavalia informs Plaintiff (1) that Plaintiff should not contact Defendant Tim regarding this case and all matters should be directed to Mr. Garavalia; and (2) that Plaintiff should refrain from exposing his genitals to Defendant Tim or Mr. Garavalia will move for sanctions against Plaintiff.  In an attempt to head off a "character assassination" Plaintiff's "motion" asserts that he and Defendant Tim had a sexual relationship and, therefore, the relationship explains why Defendant Tim would have viewed (or have knowledge) of Plaintiff's genitals.

Plaintiff's character - for good or for bad - is not an issue currently before the Court. Defendant Tim, through her attorney Mr. Garavalia, has not filed any motion for sanctions, yet. Nevertheless, the Court warns Plaintiff that regardless of whatever past relationship he has had with Defendant Tim, the Court will not tolerate any improper conduct by him towards Defendant Tim or any other defendant in this case.  As noted above, Plaintiff is already on the Court's "3 strike" list of prisoners who may not proceed *in forma pauperis*.  Additional sanctions can be meted out to him

in the form of a complete restriction on filing cases in this Court.  Accordingly, Plaintiff's motion to clarify (Doc. 17) will be denied.

Plaintiff's third motion for clarification (Doc. 25) also does not request any specific relief from this Court.  Rather it is a laundry list detailing  how difficult it is for Plaintiff, being a poor person and detained in jail, to litigate his case.  It also repeats the allegation that Plaintiff and Defendant Tim had a sexual relationship.  Because Plaintiff does not seek any specific relief - he merely asks that his motion be granted and for "such other relief as [the Court] deems just and equitable" - the motion will be denied.  This Court is in need of no dissertation about how difficult it is for Plaintiff to prosecute his case.

Furthermore, the filing of "motions"-  like the two motions to clarify above - which do not seek any specific relief (e.g., for a continuation of time to do a required act) significantly impairs the Court's ability to handle this case and all of its other cases efficiently.  Clogging the Court with motions that are not really motions at all, but instead a litany of gripes, annoyances, and hardships, disrupts and impedes the ability of the Court to dispense justice.  Accordingly, Plaintiff will be directed that he shall not file any more motions that do not request at least one specific form of relief from the Court (e.g., for a continuance, etc.).  If Plaintiff fails to comply with this directive, then he may find his action being  involuntarily dismissed as a sanction pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### 3. Motions to serve the complaint (Docs. 12, 15, and 45).

In three separate motions (Docs. 12, 15, and 45) Plaintiff requests that the Court serve Defendants Blackburn, McLaurin, Blankey, McPeak, Scott, Wilson, Clayton, and Collins with a copy of the complaint.  It is only in the last motion (Doc. 45) that Plaintiff requests that the Court

appoint  the United States Marshal.  In the last motion, Plaintiff contends that because he is a

prisoner and a poor person, the United States Marshal serves the complaint.

While it is true that the United States Marshal serves process in *most* cases brought by

indigent prisoners, that's because most indigent  prisoners are proceeding *in forma pauperis*

pursuant to 28 U.S.C. § 1915.  Federal Rule of Civil Procedure 4(c)(3) provides that this Court *must*

appoint the United States Marshal to serve process when a plaintiff has been granted leave to

proceed *in forma pauperis* under 28 U.S.C. § 1915.

In the instant case, Plaintiff has not moved this Court for *in forma pauperis* status pursuant

to 28 U.S.C. § 1915.[8]  Therefore, he is not automatically entitled to have the Court appoint the

United States Marshal to serve process in this case.  Instead, Plaintiff may request that the Court

appoint the United States Marshal and the Court, in its discretion, *may* order that service be made

by a United States Marshal.  Fed. R. Civ. P. 4(c)(e).

Under the current Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having

the summons and complaint served."  Fed. R. Civ. P. 4(c)(1).  Process may be served by "[a]ny

person who is at least 18 years old and not a party."  Fed. R. Civ. P. 4(c)(2).  Furthermore, Rule 4(d)

of the Federal Rules of Civil Procedure provides that a plaintiff may request that a defendant waive

service of the summons.  Fed. R. Civ. P. 4(d)(1).  If a defendant fails to waive after being given a

proper request to waive, the defendant may be required to pay the plaintiff's expenses in making

service.  Fed. R. Civ. P. 4(d)(2)(A).  Appointment of the United States Marshal may be necessary

in cases where the presence of a law enforcement officers "appears to be necessary or advisable to

_____

[8]As noted above, Plaintiff has accrued "3 strikes" and, therefore, is prohibited from
proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 unless he alleges facts indicating that
he is "under imminent danger of serious physical injury."

keep the peace." *See* Fed. R. Civ. 4(c)(3) advisory committee note (1993).

In the case at hand, there is no indication that the appointment of the United States Marshal is "necessary or advisable to keep the peace." Furthermore, Plaintiff's motions to serve process completely fail to indicate why service of process pursuant to Rule 4(c)(2) or a request to waive service under Rule 4(d) is inadequate. Therefore, Plaintiff's motions to serve process (Docs. 12, 15, and 45) will be denied.

### 4. Motion for judgment against unserved defendants (Doc. 16).

In his motion for judgment against unserved defendants (Doc. 16), Plaintiff seeks entry of a Judgment against Defendants Blackburn, McLaurin, Blankey, McPeak, Scott, Wilson, Clayton, and Collins because they have not answered the complaint. As noted above, however, it is Plaintiff's obligation to make sure all of the defendants have been served with process, Fed. R. Civ. P. 4(c)(1), and there is no indication that these defendants have been served. Since they have not yet been served, it is no wonder that they have not answered. Accordingly, Plaintiff's motion for judgment against the unserved defendants (Doc. 16) will be denied.

### 5. Motion for appointment of counsel (Doc. 18).

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). A portion of the federal *in forma pauperis* statute provides that "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But, as noted above, Plaintiff has not requested or been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.[9] And a proceeding *in*

---

[9]Again, Plaintiff has accrued "3 strikes" under 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*forma* pauperis pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of counsel under §

1915(e)(1).  *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).  Therefore, Plaintiff's motion for

appointment of counsel (Doc. 18) will be denied.

     **6. Motions to compel (Docs. 19, 21, 22, 27, 28, 33, 37, and 59).**

     In a real sense, nothing demonstrates "the cart before the horse" nature of this suit than the

numerous pending motions to compel filed by Plaintiff.  In reviewing this case pursuant to 28 U.S.C.

§ 1915A, this Court identified twelve potential counts.  This is in stark contrast to the four counts

set out in Plaintiff's complaint.  Ten of the counts identified by this Court survive preliminary

review under § 1915A, including a claim that Defendant Tim failed to provide adequate medical

treatment to Plaintiff.  Until the parameters of this case were established by this Court's preliminary

review of Plaintiff's *pro se* complaint under § 1915A, the defendants could not know exactly what

claims were (or were not) being asserted in this case and what discovery requests were relevant and

which were not.

     In a "normal" prisoner case, where the prisoner is proceeding *in forma pauperis* or has paid

the full filing fee to this Court, discovery does not begin until *after* Court has reviewed the complaint

under § 1915A and referred the case to a United States Magistrate Judge.  The assigned Magistrate

Judge then sets a discovery deadline.  In such a case, the parties know the nature of the claims being

asserted (as construed by the Court) and have a framework for the discovery process.  In this case,

which was removed to this Court by Defendant Tim, the usual progress of a prisoner case has been

upset.  The Court believes it is in the best interests of justice to get this case back into the normal

progress of a prisoner case.

     In short, Plaintiff's motions to compel are "premature" given that the exact contours of

Plaintiff's claims had not been fully fleshed out by the Court's preliminary review.  Some, if not all, of the instant discovery disputes may be resolved by Plaintiff and Defendant having a more complete picture of the claims as construed by the Court.  Furthermore, the scope of discovery may be limited if, for example, Defendant Tim (or any other defendant) asserts that Plaintiff has failed to exhaust his administrative remedies with regard to any claim as required by 42 U.S.C. § 1997e(a).  *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (exhaustion is a threshold issue to be resolved before addressing the merits of the case and district judges should limit discovery to exhaustion as a preliminary matter).  Discovery might also be limited if Plaintiff moves for, and is granted, leave to proceed *in forma pauperis* because the Court will only allow the claims related to the "imminent danger" to go forward.

Even if discovery is not limited, the definition of the claims by this Court, may influence both the discovery requests made by Plaintiff (i.e., those relevant to an excessive force, battery, or denial of medical care claim) and the discovery replies made by Defendant Tim.  For these reasons, the Court will deny, without prejudice, Plaintiff's motions to compel (Docs. 19, 21, 22, 27, 28, 33, 37, and 59).  Alternatively, the Court denies Plaintiff's motions to compel (Docs. 19, 22, 28, 33, and 59) for failing to comply with Local Rule 26.1(b)(3); Plaintiff's motions to compel (Docs. 22 and 59) for the additional reason that Plaintiff failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure; and Plaintiff's motion to compel (Doc. 33) because it failed to contain a certificate of service as required by Rule 5(d)(1) of the Federal Rules of Civil Procedure.

### 7. Motions for oral argument (Docs. 38, 44, and 49).

Plaintiff's motions to be brought to this Court for the purpose of having oral arguments (Docs. 38, 44, and 49) on three of his other motions will be denied.  The Court does not need oral

argument to dispose of the underlying motions.

**8. Motion for leave to depose (Doc. 39); motion for a recording device (Doc. 40); motion for extra interrogatories (Doc. 48); motion for order concerning mail to other inmates (Doc. 58) and motion to withdraw interrogatories (Doc. 61); motion to subpoena recorded visual footage (Doc. 66).**

As with Plaintiff's motions to compel, Plaintiff's motion for leave to depose (Doc. 39); his motion for a recoding device (Doc. 40); his motion for extra interrogatories (Doc. 48);  his motion for an order concerning mail to other inmates as part of his discovery (Doc. 58); and his motion to subpoena recorded visual footage (Doc. 66) are "premature."  Again, the Court has just reviewed the first amended complaint and cataloged the claims it believes are contained in it.  Defendants may wish to assert affirmative defenses to the claims identified by the Court.  If so, then discovery may be limited to the issue of exhaustion, *Pavey*, 544 F.3d at 742.  Furthermore, it appears that Plaintiff may request leave to proceed *in forma pauperis* and, if it is granted, then the claims in this case may be further narrowed to those involving the "imminent danger of serious physical injury."[10] Therefore, the Court will deny Plaintiff's motion for leave to depose (Doc. 39); his motion for a recording device (Doc. 40); his motion for extra interrogatories (Doc. 48); his motion for order (Doc. 58); and his motion to subpoena recorded visual footage (Doc. 66), all without prejudice.  Plaintiff's motion to withdraw his interrogatories (Doc. 61) will be granted.

**9. Motion to have Defendant Tim's attorney removed (Doc. 43).**

Plaintiff seeks to have Mr. Garavalia, attorney for Defendant Tim, removed from

---

[10]Again, Plaintiff has accrued "3 strikes" under 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

representing Defendant Tim "due [to] to the fact [that] his self interest has interfered with his ability to effectively litigate this case at the professional level the ABA requires." Put simply, the "effectiveness" of Mr. Garavalia in litigating this case is for Defendant Tim to determine, not for Plaintiff. Therefore, Plaintiff's motion to have Mr. Garavalia removed from this case (Doc. 43) will be denied.

### 10. Motions for Temporary restraining order (Docs. 57 and 60).

Plaintiff seeks issuance of a temporary restraining order (TRO) against Mr. Garavalia (attorney for Defendant Tim), Defendant Blackburn, and Defendant McPeak (Doc 57). In his first motion for a TRO (Doc. 57), Plaintiff contends that Blackburn and McPeak continue to harass him in order to get Plaintiff to drop his suit against Defendant Tim. Plaintiff claims that Mr. Garavalia "continues to harass [him] and has made false judicial statements plus other professional misconduct." Plaintiff certifies that a copy of this motion (Doc. 57) was mailed to Mr. Garavalia, but there is no indication that Defendants Blackburn and McPeak were provided notice of the motion.[11]

In his second motion for a TRO (Doc. 60), again asserts that Defendants Blackburn and McPeak "continue to harass and make threats of intimidation towards [him] on behalf of themselves and Defendant Tim." Specifically, Plaintiff contends that McPeak unplugs the television in the common area of Plaintiff's cell block for "hours at a time" and tells the other detainees that if they "take care of the problem (i.e., Plaintiff) then everything will be ok." Although Plaintiff certifies that a copy of the motion "was sent to opposing counsel," Defendants Blackburn and McPeak have not been served with process in this case and no counsel has appeared for them in this case.

---

[11]To date, Mr. Garavalia has not entered his appearance in this action on behalf of Defendants Blackburn or McPeak.

A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).   The Court is of the opinion that a TRO should not issue in this matter.   With respect to Mr. Garavalia, Plaintiff's motion seeks relief that is beyond the Court's power to grant. In essence, the Plaintiff seeks an order prohibiting Mr. Garavalia from being mean to Plaintiff or from presenting information to the Court that Plaintiff believes is false.  This would be an improper use of the Court's authority to issue a TRO.  With respect to the other non-moving parties, Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.  Thus, the motions for TRO (Docs. 57 and 60) **DENIED**.

**11.  Motion for sanctions or, alternatively, for a default judgment (Doc. 59).**

In his motion for sanctions or, alternatively, for a default judgment against Defendant Tim and her attorney (Doc. 59), Plaintiff seeks sanctions for the alleged failure to comply with discovery requests - especially those concerning an alleged sexual relationship between Plaintiff and Defendant Tim.  This motion - like all others related to discovery in this case to date - will be denied without prejudice.

<u>DISPOSITION</u>

**IT IS HEREBY ORDERED** that Counts 11 and 12 of the first amended complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A.  Plaintiff is advised that the dismissal of these counts will constitute one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

22

IT IS FURTHER ORDERED that the Clerk is DIRECTED to STRIKE the second amended complaint (Doc. 10) because leave of Court was not granted to file it.

IT IS FURTHER ORDERED that Plaintiff's motions to amend, correct, and/or supplement (Docs. 6, 62, and 65) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motions to clarify (Docs. 7, 17, and 25) are DENIED.

IT IS FURTHER ORDERED Plaintiff's motions to serve the complaint (Docs. 12, 15, and 45) are DENIED.

IT IS FURTHER ORDERED Plaintiff's motion for judgment against unserved defendants (Doc. 16) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (Doc. 18) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motions to compel (Docs. 19, 21, 22, 27, 28, 33, 37, and 59) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motions for oral arguments (Docs. 38, 44, and 49) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to depose (Doc. 39); his motion for a recording device (Doc. 40); his motion for extra interrogatories (Doc. 48); his motion for order concerning mail to other inmates (Doc. 58) and his motion to subpoena recorded visual footage (Doc. 66) are DENIED, without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion to have Defendant Tim's attorney removed (Doc. 43) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's motions for temporary restraining order (Docs. 57 and 60) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions or, alternatively, for a default judgment (Doc. 59) is **DENIED.**

**IT IS FURTHER ORDERED** Plaintiff's motion to withdraw interrogatories (Doc. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that all motions filed by Plaintiff in this case shall request at least one specific type of relief from the Court.  It will not be sufficient for Plaintiff to merely request "such relief as the Court deems just and equitable" or similarly vague requests.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 12th day of January, 2010.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**