IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNTEZ HAIRSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-CV-0598-MJR |
| XAVIER BLACKBURN; ANNETTE TIM; ) | |
| PHIL MCLAURIN; ANDREW BLAN- ) | |
| KEY; SEAN MCPEAK; MATTHEW ) | |
| SCOTT; RODNEY WILSON; KENNETH ) | |
| CLAYTON; and "COLLINS," ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendant Annette Tim has moved for an injunction against further filings or sanctions or both against Plaintiff Shauntez Hairston. (Doc. 80.) Tim seeks to enjoin Hairston from filing further documents without first obtaining the Court's permission based on the Court's inherent authority to manage litigation. Tim relies on *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001), which supports the Court's authority to restrict litigation when a frequent filer wastes judicial resources and burdens the Clerk's office with complaints that are often dismissed. Alternatively, Tim seeks sanctions in the form of monetary relief or dismissal of the action. Hairston opposes the motion. (Docs. 84, 86.)

Hairston's extensive litigation in this district challenges the conditions of his confinement at the Saint Clair County Jail. His efforts may be summarized as follows.

In *Hairston v. St. Clair County Sheriff's Department*, No. 07-CV-445-MJR-DGW (S.D. Ill. Jan. 25, 2010), two claims were identified during the screening process. Hairston was allowed to proceed on one claim; the other was dismissed with prejudice. Counsel was recruited to provide pro

bono representation, and trial was scheduled for February 1, 2010. The Court dismissed Hairston's suit with prejudice as a sanction for his fraudulent conduct in connection with a witness affidavit.

In *Hairston v. McCain*, No. 07-CV-687-MJR-DGW (S.D. Ill. filed Oct. 1, 2007), Hairston is proceeding against seven parties on two claims. Counsel has been recruited to provide pro bono representation.

In *Hairston v. Walker*, No. 07-CV-704-DRH (S.D. Ill. Dec. 4, 2007), six claims were identified during the screening process. The action has been dismissed, with two of the claims dismissed with prejudice.

In *Hairston v. Knapp*, No. 08-CV-303-GPM-DGW (S.D. Ill. filed Apr. 22, 2008), Hairston was allowed to proceed on a claim against four defendants; another claim was dismissed with prejudice.

In *Hairston v. Walker*, No. 08-CV-362-GPM-DGW (S.D. Ill. filed May 19, 2008), claims against two defendants were dismissed with prejudice while claims against three others were allowed to proceed. Counsel has been recruited to provide pro bono representation.

In *Hairston v. Cole*, No. 08-CV-569-MJR-PMF (S.D. Ill. filed Aug. 8, 2008), Hairston was allowed to proceed on claims against fifteen defendants.

In *Hairston v. Scott*, No. 08-CV-0913-DRH (S.D. Ill. June 1, 2009), Hairston's claims against five defendants were dismissed without prejudice.

In *Hairston v. McLaurin*, No. 09-CV-0050-MJR (S.D. Ill. July 9, 2009), Hairston's claims against eight defendants were dismissed with prejudice.

In *Hairston v. Tim*, 09-CV-536-GPM (S.D. Ill. filed July 20, 2009), Hairston's proposed claims against multiple defendants are being screened pursuant to 28 U.S.C. § 1915A. A number of motions are pending.

In *Hairston v. Blackburn*, No. 09-CV-598-MJR-PMF (S.D. Ill. filed Aug. 6, 2009), defendant Tim removed Hairston's state court litigation to this Court. Hairston was allowed to proceed on ten out of twelve counts. Numerous motions are pending.

In addition to the multiple claims and cases, Hairston's motion practice has been excessive. Although a few motions have been granted, the vast majority have been denied or stricken. As an example, while Hairston was proceeding pro se in *Hairston v. McCain*, he filed seven motions pertaining to his Complaint before the screening process was completed. In January, his motion practice escalated. In *Hairston v. Knapp*, Hairston filed eight motions in just over two weeks, and in *Hairston v. Cole*, Hairston filed ten motions in just over two weeks. Notably, the Court's Order referring the present case to Magistrate Judge resolved 32 motions, most of which were denied or stricken. (Doc. 67, Order, Jan. 12, 2010.) It has been barely a month since the referral of the case, yet Hairston has filed eighteen more motions.

Hairston's extensive litigation and excessive motion practice creates a burden for the Clerk's office and consumes a significant portion of limited judicial resources. With respect to filing future lawsuits, though, the Court declines to enter an injunction. Hairston's future actions are restricted under 28 U.S.C. § 1915(g), and the statutory restriction appears to be adequate. Hairston's motion practice is a different matter. In the cases where Hairston is represented by counsel, the pattern of abuse has abated following appearance by counsel, but while representing himself, Hairston files excessive motions. The motions are often repetitive and lack a factual or legal basis. Accordingly, the Court will exercise its discretion to restrict Hairston's motion practice in the cases in which he is pro se.

Turning to the alternative request, the Court is not convinced that a monetary sanction or dismissal of the action is appropriate at this stage of the litigation. The restriction on the motion practice should remedy Tim's issue sufficiently, but the Court will remain open to a future motion if the situation warrants.

In sum, Tim's request for an injunction against further filings (Doc. 80) is **GRANTED IN PART AND DENIED IN PART.** It is denied to the extent that it seeks to enjoin Hairston from filing new cases as the statutory restriction is adequate. It is granted to the extent that it seeks to enjoin Hairston from his excessive motion practice. Accordingly, the Court **ENJOINS** Hairston from filing additional motions in any pro se case assigned to the undersigned District Judge without first obtaining written permission from the Court. He may move for leave to file additional motions once each month, during the first week of the month, in each case, and the motion for leave to file may not exceed five pages in length or it will be summarily denied. It should be entitled "Motion for Leave to File Motion" and should have attached to it as a separately marked exhibit each motion he seeks to file, and every request for relief must be in a separate motion. Defense counsel shall respond to plaintiff's "Motion for Leave to File Motion" within 7 days of receipt. No replies by plaintiff shall be permitted. Furthermore, Hairston is **DIRECTED** to carefully review each proposed motion and evaluate the merit of his request before seeking permission to file the motion. Any document not meeting these requirements will result in the entire Motion for Leave to File Motion to be summarily denied without comment. If he is unable or unwilling to restrict future motions to non-repetitive requests having both a factual basis and arguable legal merit, or which do not meet the filing restrictions herein, the Court will revisit the option of issuing a strict filing injunction and other appropriately tailored sanctions.

The Defendants' motion for monetary sanctions or dismissal (Doc. 80) is **DENIED**, without prejudice to a later filing if the situation so warrants.

**IT IS SO ORDERED.**

**DATED February 12, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**